UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

OHIOHEALTH CORPORATION dba
RIVERSIDE METHODIST HOSPITAL, *et al.*,

        Plaintiffs,

    v.                                  Case No. 2:14-cv-292
                                                JUDGE SMITH
                                                Magistrate Judge Kemp

UNITED STATES DEPARTMENT OF
VETERAN AFFAIRS, *et al.*,

        Defendants.

## OPINION AND ORDER

      This matter is before the Court upon the Motions for Summary Judgment of Plaintiffs

OhioHealth Corporation (Doc. 11), Dr. Martha Brogan (Doc. 14), Corpath Ltd. and Dr. Nicholas

Wongchaowart (Doc. 17), and Dr. Mark Hnilica (Doc. 18).  Defendants Eric Shinseki and the

United States Department of Veterans Affairs ("the VA") have filed responses in opposition to

Plaintiffs' motions as well as a Cross-Motion for Summary Judgment. (Doc. 21).  The issues

before the Court have been extensively briefed and are ripe for review.

## I.      BACKGROUND

      Procedurally, this case is one of layers.  The first tier consists of three consolidated state

court actions in which Plaintiffs here (OhioHealth, Brogan, Hnilica, and Wongchaowart) are

named as defendants to a third-party's claims of medical negligence, wrongful death, and loss of

consortium (hereinafter "State Actions").  The second tier consists of a federal action in which

Defendants here (the VA and Shineski) are named as defendants to the same third party's claims

of medical negligence, wrongful death, and loss of consortium (hereinafter "Federal Action").

The case now before the Court comprises the somewhat unusual third tier, in which defendants in the State Action have brought suit against defendants in the Federal Action for declaratory and injunctive relief under the Administrative Procedures Act.

The same facts underlie all tiers. A veteran (the wife of whom is the plaintiff in the State and Federal Actions) passed away after receiving allegedly negligent care from various doctors, some employed by private hospitals, some by the VA.  The veteran's widow filed the State Actions against the privately-employed doctors (Drs. Brogan, Hnilica, and Wongchaowart). Concomitantly, she brought suit in federal court against the VA physicians involved with her husband's care (Drs. Caldwell, Fruth, Roberson, Sharma, and Arafah).

Unsurprisingly, there are disagreements among the doctors as to who was predominately at fault or liable for the veteran's allegedly below-standard treatment.  In order to best defend themselves in the state action, the privately employed doctors (Plaintiffs in this case) sought to take the depositions of the aforementioned VA physicians as well as other relevant medical and IT staff concerning their treatment of the decedent.  In so doing, Plaintiffs followed the proper administrative procedures and submitted written requests, supported by detailed affidavits, for the VA's consideration. (*See* Doc. 20, Admin. Rec. at VA-001 – VA-006, VA-019 – VA-022, VA-025 – VA-029, VA-032 – VA-044).  In five substantially similar letters, the VA denied Plaintiffs' requests on four main grounds.  (*See id*. at VA-023 – VA-024, VA-030 – VA-031, VA-045 – VA-050).  Specifically, the VA asserted that Plaintiffs' demands (1) concerned private party litigation in which the government had no interest; (2) could be destructive to the VA's patient services; (3) were "unduly burdensome"; and (4) would result in the VA appearing partial to one party over the other in the state litigation. (*Id*.).

2

In response, Plaintiffs filed this action, asking the Court to declare that they are permitted to obtain discovery and take the depositions of VA employees as relevant to the State Actions.

## II.      STANDARD OF REVIEW

Plaintiffs and Defendants have filed cross-motions for summary judgment.  The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court's purpose in considering a summary judgment motion is not "to weigh the evidence and determine the truth of the matter" but to "determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  A genuine issue for trial exists if the Court finds a jury could return a verdict, based on "sufficient evidence," in favor of the nonmoving party; evidence that is "merely colorable" or "not significantly probative," however, is not enough to defeat summary judgment.  *Id*. at 249-250.

A party seeking summary judgment shoulders the initial burden of presenting the court with law and argument in support of its motion as well as identifying the relevant portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  If this initial burden is satisfied, the burden then shifts to the nonmoving party to set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).  The standards upon which the court evaluates the motions for summary judgment do not change simply because the parties present cross-motions. *Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir. 1991).  Rather, the Court must "evaluate each party's motion on its own merits, taking care in each instance to draw all

reasonable inferences against the party whose motion is under consideration." *Id.* (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).

### III. DISCUSSION

Plaintiffs argue that the VA's refusal to produce any of the involved VA physicians or staff for deposition is arbitrary and capricious. Plaintiffs therefore ask the Court to compel the VA to allow them to either (1) attend and participate in the depositions of VA employees already scheduled in the Federal Action, or (2) separately schedule and depose certain VA physicians and staff relevant to the State Actions. The VA opposes Plaintiffs' requests, relying on federal statutes, regulations, and case law in support.

**A. The Federal Housekeeping Statute, *Touhy*, and 38 C.F.R. § 14.800 *et seq.***

5 U.S.C. § 301, often referred to as the "federal housekeeping statute," authorizes federal agencies to prescribe regulations concerning "the conduct of [their] employees, the distribution and performance of [their] business, and the custody, use and preservation of [their] records, papers and property." This includes the authority to promulgate regulations dictating the conditions under which their employees may testify concerning their work. *See United States v. Soriano-Jarquin*, 492 F.3d 495, 504 (4th Cir. 2007); *United States v. Lyimo*, No. 13-4350, 2014 WL 3719115 (6th Cir. July 28, 2014). The U.S. Supreme Court upheld the legitimacy of these regulations in the seminal case of *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), which, over the years, has led to their designation as "*Touhy* regulations."

As authorized by 5 U.S.C. § 301, the VA has promulgated policies and procedures for (1) the "production or disclosure of official information or records." and (2) the "testimony of present or former VA personnel" as it relates to the performance of their official duties. *See* 38 C.F.R. § 14.800. The regulations state that VA personnel are only permitted to provide

4

testimony or produce VA records in legal proceedings if authorized by a VA official after considering "the effect in this case, as well as in future cases generally, based on the factors set forth in § 14.804, which testifying or producing records not available for public disclosure will have on the ability of the agency or VA personnel to perform their official duties." 38 C.F.R. § 14.803.  Section 14.804 lays out fifteen factors for the responsible VA official to weigh in making his or her decision.  These factors will be addressed in greater detail in Section B.

In reviewing a federal agency's decision pursuant to its promulgated *Touhy* regulations under the Administrative Procedures Act, the Court's role is "narrow": it can set aside the agency's decision only if it finds the decision to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983); *Fann v. Floied*, No. 4:03-CV-042, 2006 WL 849847 (E.D. Tenn. Mar. 28, 2006) ("Where a litigant seeks to challenge a federal agency's limitation of an employee's testimony, the litigant must proceed under the APA, and the federal court will review the agency's decision not to permit its employee to testify under an 'arbitrary and capricious' standard.") (internal quotations omitted); 5 U.S.C. § 706(2)(A).   Examples of agency actions that courts have found to be "arbitrary and capricious" include circumstances in which "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise." *Motor Vehicle*, 463 U.S. at 29.

While a reviewing court cannot overturn an agency's decision merely because it disagrees with the agency's interpretation of its own regulation, it also cannot "supply a reasoned basis for the agency's action that the agency itself has not given." *Kentucky Riverkeeper, Inc. v.*

*Rowlette*, 714 F.3d 402, 413 (6th Cir. 2013). The Court's review, therefore, is limited to determining whether the agency examined the evidence before it, relied upon the relevant regulatory factors, and articulated a sufficient explanation for its action including a "rational connection between the facts found and the choice made." *Motor Vehicle*, 463 U.S. at 43 (quoting *Burlington Truck Lines v. United States,* 371 U.S. 156, 168 (1962)).  In reviewing the agency's decision, the Court must rely "on the administrative record already in existence, not some new record made initially in the reviewing court."  *Camp v. Pitts*, 411 U.S. 138, 142 (1973).  If the agency has failed to adequately explain or support its decision, "the case should be remanded to the agency for additional investigation or explanation."  *Csekinek v. I.N.S.*, 391 F.3d 819, 831 (6th Cir. 2004).

It is with these standards in mind that the Court proceeds.

**B.     Application and Analysis**

Plaintiffs submitted several *Touhy* requests to the VA which were all in turn denied. These requests asked the VA to allow Plaintiffs to depose or participate in already-scheduled depositions of various VA physicians and support staff in conjunction with the treatment of a veteran—the wife of whom has filed suit against both the VA and Plaintiffs in separate state and federal actions.

Plaintiffs contend the VA's decision to deny their *Touhy* requests was arbitrary and capricious for two reasons.  First, Plaintiffs argue that the VA's responses to their *Touhy* requests constituted a boilerplate denial without any meaningful consideration on the merits of their requests.  (Doc. 11, OhioHealth's Mot. Summ. J. at 8; Doc. 1, Compl. at ¶ 37-38).  Second, Plaintiffs assert that a substantive review of the regulatory factors set forth in 38 C.F.R. § 14.804 weigh in favor of, not against, the VA's participation in the requested depositions.  To the

6

contrary, the VA argues that its decision should stand, as Plaintiffs' *Touhy* requests were rightfully denied in conformance with the agency's regulations.

The VA's denials of Plaintiffs' *Touhy* requests are all substantially similar. As justification for its decisions, the VA stated the following:

> Your letter and accompanying documents have been reviewed in accordance with the Touhy regulations and other relevant regulations. The Department of Veterans Affairs will not make the requested employees available for a deposition and will not authorize them to be deposed by your firm. The information provided deals with private party litigation in a State court and the Government has no interest in the proceedings in the State court. The Government is not a party to this dispute. Although you conclude in your letter and attachments that your request overcomes the burdens enumerated in the Touhy regulations, I do not agree. [Also, whether or not VA employees are being deposed in a separate case, in a different forum, to which you are not a party, does not change my position.][1]

> You should be aware that the VA entertains thousands of requests for physicians and other employees to testify in private matters involving conditions for which VA treatment was rendered, and the VA is not a party to the case. [With very few exceptions,][2] those requests are denied as it would be destructive to patient services to continually have physicians and care providers testifying in those matters. Your requests would be unduly burdensome and result in the appearance of the VA favoring one litigant over the other. I note, that I have been advised that VA medical records concerning the decedent have previously been made available to you via opposing counsel.

(*See* Doc. 20, Admin. Rec. at VA-023 – VA-024, VA-030 – VA-031, VA-045 – VA-050).

As stated above, the Court's review is limited to determining whether the agency examined the evidence before it, relied upon the relevant regulatory factors, and articulated a sufficient explanation for its action including a "rational connection between the facts found and the choice made." *Motor Vehicle*, 463 U.S. at 43 (quoting *Burlington Truck Lines v. United States,* 371 U.S. 156, 168 (1962)). Based on the administrative record in this case, and for

---

[1] This language was included in two out of the VA's five denial letters. (*See* Doc. 20, Admin. Rec. at VA-048, VA-050).

[2] This language was included in two out of the VA's five denial letters. (*See* Doc. 20, Admin. Rec. at VA-048, VA-050).

reasons explained in detail below, the Court finds the VA (1) neglected to consider Plaintiffs'
arguments and affidavits before rendering its decision, and (2) failed to sufficiently explain its
denial of Plaintiffs' *Touhy* requests.

### 1.    Evidence Examined

The VA's denial letters consisted largely of generalized assertions that did not appear to
take into account the arguments and affidavits submitted in support of Plaintiffs' *Touhy* requests.
(*See, e.g.*, Doc. 20, Admin. Rec. at VA-023 – VA-024, VA-030 – VA-031, VA-045 – VA-050).
The VA's denial letters do not expressly mention Plaintiffs' affidavits or any other evidence on
which it relied in making its decision.  Instead, curiously, the VA's denial letters repeatedly
direct Plaintiffs' counsel to submit supporting affidavits and to review the factors set forth in 38
C.F.R. § 14.804, despite the fact that all of Plaintiffs' letters *were* supplemented with detailed
affidavits, which expressly mentioned and laid out the facts of the underlying matter as well as
all of the regulatory factors.  (*See generally id*. at VA-019 – VA-050).  Further, instead of basing
its decision on the particular facts and evidence of record, the VA intimated that it routinely
denied *all* requests for VA physician testimony in private litigation, no matter the circumstance.
(*See id*. at VA-023 – VA-024, VA-030 – VA-031, VA-045 – VA-46) (generally stating that
*Touhy* requests involving physician treatment in private matters "are denied").[3]  As instituting a
blanket policy of automatic denial would be in direct contravention of its own regulations, the
Court assumes that this was a poor choice of wording rather than a purposeful substantive
declaration.  Nonetheless, the use of this language does little to convince the Court that the VA
examined the specific evidence before it and the merits of Plaintiffs' particular *Touhy* requests.

---

[3] The Court notes that in the VA's secondary denial letters, the VA smartly qualified this generalization. (*See* Doc.
20, Admin. Rec. at VA-048, VA-050) (adding "With very few exceptions" to beginning of sentence indicating
general denial policy).

Based on the administrative record as-is, the Court cannot find that the VA examined and considered the evidence before it in rendering its decision.[4]

### 2. Relevant Regulatory Factors and Sufficient Explanation

In addition to considering the evidence before it, the VA must have also relied upon the relevant regulatory factors and articulated a sufficient explanation for its decision.  For ease of reference purposes, the Court will set forth (1) the regulatory factors on which the VA relied in denying Plaintiffs' *Touhy* requests, and (2) the VA's correlating explanations.

> *Factor*: 38 C.F.R. § 14.804(a): Private Purposes
> *VA Explanation*: "[T]he Government has no interest in the proceedings in the State court.  The Government is not a party to this dispute."
>
> *Factor*: 38 C.F.R. § 14.803(a): Conservation of Time for Official Duties
> *VA Explanation*: "You should be aware that the VA entertains thousands of requests for physicians and other employees to testify in private matters involving conditions for which VA treatment was rendered, and the VA is not a party to the case.  [With very few exceptions,][5] those requests are denied as it would be destructive to patient services to continually have physicians and care providers testifying in those matters."
>
> *Factor*: 38 C.F.R. § 14.804(d): Undue Burden
> *VA Explanation*: "Your requests would be unduly burdensome."
>
> *Factor*: 38 C.F.R. § 14.804(i): The Appearance of Impartiality
> *VA Explanation*: "Your requests would . . . result in the appearance of the VA favoring one litigant over the other."

(*See* Doc. 20, Admin. Rec. at VA-023 – VA-024, VA-030 – VA-031, VA-045 – VA-050); *see also* Excerpt from VA Denial Letter, *supra*, p. 7.  While the Court finds that the factors relied upon are relevant, *see* 38 C.F.R. § 804, the Court finds the VA did not set forth a "rational connection between the facts found and the choice made." *Motor Vehicle*, 463 U.S. at 43

---

[4] In support of its position, the VA cites to statements made in two unauthenticated e-mails by a VA official stating that she reviewed Plaintiffs' requests "individual[ly]" and "carefully." (*See* Doc. 20, Admin. Rec. at VA-011, VA-016). Similar to the VA's denial letters, however, the e-mails are completely devoid of any analysis, explanation, or foundation.  The Court therefore gives little weight to these self-serving, conclusory statements.
[5] This language was included in two out of the VA's five denial letters. (*See* Doc. 20, Admin. Rec. at VA-048, VA-050).

(quoting *Burlington Truck Lines v. United States,* 371 U.S. 156, 168 (1962)).  The VA, in fact, offered no connections, just conclusions.

The VA also neglected to address any of the averments testified to in Plaintiffs' affidavits or the arguments made in Plaintiffs' written requests.  For instance, while the VA is not technically a party to the State Actions, the state litigation indisputably involves the same plaintiff, a common nucleus of operative fact, and overlapping issues of liability as the Federal Action, to which the VA *is* a party.  The VA did not address how the interrelated nature or suggested consolidation of discovery could affect the government's interest or lessen the burden on the VA's employees.  The VA also did not explain how Plaintiffs' particular *Touhy* requests would affect the physicians' or other employees' official duties.  While the VA generally referenced "thousands of [other] requests" which were denied out of concern for patient care, the denial letters did not address this factor as it related to Plaintiffs' specific request.  Similarly, the VA did not explain why Plaintiffs' request was unduly burdensome; the VA made no indication that the physician's patient load, schedule, or other official duties would be hampered by complying with Plaintiffs' request.  Finally, the VA did not explain how allowing Plaintiffs to depose VA employees would result in the appearance of partiality or any bias to the plaintiff in the State Action, considering she has been able to depose VA employees via discovery in the Federal Action and has herself requested consolidation of the depositions in the federal and state litigation. (*See generally* Doc. 26 in Case No. 11-CV-616, Mot. Compel Disc.).

In addition to paying only lip service to a majority of the factors set forth above, the Court also notes that the VA's denial letters completely ignored the factor on which Plaintiffs' *Touhy* requests and affidavits center: Plaintiffs' need for the requested information to not only adequately defend themselves, but to resolve important factual discrepancies and discern exactly

10

what happened during the course of the decedent's medical treatment.  While the Court recognizes that the VA does not have to consider *all* of the factors listed in 38 C.F.R. § 14.804, the Court finds the agency's failure to address one of the most important aspects of Plaintiffs' *Touhy* requests relevant.  *See Motor Vehicle*, 463 U.S. at 29 (decision may be arbitrary and capricious when agency "fail[s] to consider an important aspect of the problem").

In sum, the Court finds the administrative record does not reflect any effort of the VA to (1) examine Plaintiffs' requests and affidavits on their individual merits, or (2) articulate anything other than rote boilerplate language.  As the VA did not present a sufficient explanation for its action, i.e., a "rational connection between the facts found and the choice made," *Motor Vehicle*, 463 U.S. at 43, the Court finds Plaintiffs' arguments well-taken.

## C.     Appropriate Remedy

The Court has found the VA improperly denied Plaintiffs' *Touhy* requests without considering Plaintiffs' arguments and affidavits on their merits and sufficiently explaining the basis for its decision.  It is not the Court's place, however, to issue a new decision based on a *de novo* inquiry of this matter.  Instead, the proper remedy is to remand this issue back to the VA for further investigation and explanation.  *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).  As the U.S. Supreme Court explained:

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry.

*Id*.  Accordingly, the Court remands this matter back to the VA for further consideration.

## IV.    CONCLUSION

The Motions for Summary Judgment of Plaintiffs OhioHealth Corporation (Doc. 11), Dr. Martha Brogan (Doc. 14), Corpath Ltd. and Dr. Nicholas Wongchaowart (Doc. 17), and Dr. Mark Hnilica (Doc. 18) are **GRANTED**.  Defendants Eric Shinseki and the United States Department of Veterans Affairs' Cross-Motion for Summary Judgment is **DENIED**.  This matter is hereby remanded to the Department of Veteran's Affairs for further consideration.

The Clerk shall **REMOVE** Documents 11, 14, 17, 18, and 21 from the Court's pending motions list.

The Clerk shall **REMOVE** this case from the Court's pending cases list.


**IT IS SO ORDERED.**

_____*/s/ George C. Smith*_____
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**